IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| HAL A. MERRITT | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:06CV1072-HSO-JMR |
| | § | |
| UNITED PARCEL SERVICE, INC. | § | DEFENDANT |

### ORDER AND REASONS DENYING PLAINTIFF'S MOTIONS FOR JUDGMENT ON THE PLEADINGS AND FOR SANCTIONS

BEFORE THE COURT are the Motions of Plaintiff Hal A. Merritt ["Plaintiff"] for Judgment on the Pleadings [19-1] and for Sanctions [20-1] [collectively, "Motions"], filed in the above-captioned cause on November 7, 2007, and November 8, 2007, respectively. Defendant United Parcel Service, Inc. ["Defendant"] has filed a Response [24-1] dated December 3, 2007. After consideration of the submissions and the relevant legal authorities and for the reasons discussed below, the Court finds that both Motions must be denied.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed his Complaint [1-1] in this action on October 20, 2006, and Defendant filed its Answer [6-1] on January 22, 2007. On or about July 17, 2007, Plaintiff propounded his Interrogatories and Requests for Production of Documents [collectively, "Discovery Requests]. *See* Pl.'s Mots., at ¶ 1. On or about September 12, 2007, Defendant filed a Motion for Extension of Time [18-1] to respond to Plaintiff's Discovery Requests. *See id.* Defendant's Motion was granted, and Defendant was directed to fully respond to all propounded discovery on or prior to

September 27, 2007. On November 7, 2007, Plaintiff filed the instant Motions stating that, as of that date, none of his Discovery Requests had been answered. In his Motions, Plaintiff requests that the Court enter a judgment by default and/or a judgment on the pleadings against Defendant and assess reasonable attorneys' fees.

## II. DISCUSSION

The present Motions are more properly construed as discovery motions contemplated by Rule 37.1(A) of the UNIFORM LOCAL RULES OF THE NORTHERN AND SOUTHERN DISTRICTS OF MISSISSIPPI, which provides that

> [p]rior to service of a discovery motion, all counsel shall be under a duty to confer in good faith to determine to what extent the issue in question can be resolved without court intervention. *A Good Faith Certificate [Official Form No. 5] shall be filed with all discovery motions*, with a copy to the magistrate judge. This certificate shall specify whether the motion is unopposed, and if opposed, by which party(s) and the method by which the matter has been submitted to the magistrate judge for resolution. The certificate must bear the signatures of all counsel (fax signatures are acceptable). If a party fails to cooperate in the attempt to resolve a discovery dispute or prepare the Good Faith Certificate, the filed motion shall be accompanied by an affidavit by the moving party detailing the alleged lack of cooperation and requesting appropriate sanctions.

Uniform Local Rule 37.1(A) (emphasis added).

No Good Faith Certificate was filed with the present Motions, which clearly contravenes the Local Rule. For this reason alone, Plaintiff's Motions should be denied.

Plaintiff cites Federal Rule of Civil Procedure 37 for the proposition that because Defendant failed to comply with this Court's Order of September 14, 2007, by not serving its Responses to Plaintiff's Discovery Requests by September 27,

2007, the Court should enter a default judgment against Defendant and award reasonable attorneys' fees. Federal Rule of Civil Procedure 37(b)(2)(vi) provides that "[i]f a party...fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders. They may include ... (vi) rendering a default judgment against the disobedient party...." Fed. R. Civ. P. 37(b)(2)(vi).

The Fifth Circuit has explained that to award a default judgment as a discovery sanction, two criteria must be met. *See United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003) (internal citations omitted). The "penalized party's discovery violation must be willful," and "the drastic measure is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect." *Id.* The Fifth Circuit considers dismissal with prejudice to be a "draconian remedy" and a "remedy of last resort." *See F.D.I.C. v. Conner*, 20 F.3d 1376 (5th Cir. 1994) (internal citations omitted).

While there is apparently some dispute in the record as to when Defendant served its Responses to Plaintiff's Discovery Requests, it appears clear from the record that Defendant has now responded. Defendant also supplemented its Responses to Plaintiff's Discovery Requests on December 4, 2007 [26-1], [27-1], and again on January 3, 2008 [28-1], [29-1]. Having reviewed the record and the relevant legal authorities, the Court is of the opinion that even assuming Defendant's Responses were untimely, Plaintiff has not been prejudiced in the prosecution of his case.

The Court finds that dismissal of this action, which is only a sanction of last resort, is not appropriate under the facts of this case.  Therefore, the Court is of the opinion that the drastic measures of awarding a default judgment and of granting attorneys' fees are not warranted.  Moreover, Plaintiff's Motions do not comply with clear requirements of the Local Rules regarding good faith efforts to resolve discovery disputes.

### III.  CONCLUSION

The Court has considered Plaintiff's Motions.  For the reasons stated more fully herein, the Court finds that Plaintiff's Motions are not well taken and should be denied.  However, if Plaintiff is of the opinion that additional time for discovery is needed in order for him to fully prepare his case, then the Court will consider a reasonable extension of the discovery period, if Plaintiff files a proper motion for extension of time no later than Wednesday, January 23, 2008.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, the Motions of Plaintiff Hal A. Merritt ["Plaintiff"] for Judgment on the Pleadings [19-1] and for Sanctions [20-1] , should be and are hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 15th day of January, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE